## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 6878 | **DATE** | 7/1/2003 |
| **CASE TITLE** | OBLIX, INC. vs. FELICIA FERGUSON WINIECKI | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Status hearing held and continued to 9/10/03 at 9:00 a.m. Defendant, Winiecki's response to plaintiff/counter-claimant's Oblix's motion for consideration of additional authority to be filed by 7/15/03. Oblix's reply to be filed by 7/22/03. Enter Memorandum Opinion And Order. Oblix, Inc.'s motion for reconsideration is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JUL 0 3 2003 date docketed | |
| ✓ | Docketing to mail notices. | | | 23 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 03 JUL -2 PH 7:03 | JUL 0 3 2003 date mailed notice | |
| LG | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| OBLIX, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 02 C 6878 |
| v. ) | |
| ) | Honorable John W. Darrah |
| FELICIA FERGUSON WINIECKI, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| FELICIA FERGUSON WINIECKI, ) | |
| ) | |
| Counter-Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| OBLIX, INC., ) | |
| ) | |
| Counter-Defendant. ) | |

DOCKETED
JUL 0 3 2003

## MEMORANDUM OPINION AND ORDER

Plaintiff, Oblix, Inc. ("Oblix"), moves for reconsideration of the Court's April 23, 2003 decision, denying its Motion for Summary Judgment and to Dismiss on the ground that there was a genuine issue of material fact as to whether the arbitration agreement is unconscionable under California law. For the reasons that follow, Oblix's Motion for Reconsideration is denied.

## LEGAL STANDARD

Motions for reconsideration serve a limited function of correcting manifest errors of law or fact or presenting newly discovered evidence or an intervening change in the law. *Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir. 1998). Reconsideration is appropriate when "the Court has patently misunderstood a party . . . or has made a decision outside the adversarial issues presented

23

to the Court by the parties . . . or has made an error not of reasoning but of apprehension." *Spearman Indus., Inc. v. St. Paul Fire & Marine Ins. Co.*, 139 F. Supp. 2d 943, 945 (N.D. Ill. 2001) (quoting *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F2d 1185, 1191 (7th Cir. 1990)). A motion for reconsideration cannot be used to introduce new legal theories for the first time, to raise legal arguments that could have been heard during the pendency of the previous motion, or to present evidence that could have been adduced during the pendency of the original motion. *Publishers Res., Inc. v. Walker-Davis Publ'ns, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985); *In re Oil Spill by the "Amoco Cadiz" off the Coast of France on March 16, 1978*, 794 F. Supp. 261, 267 (N.D. Ill. 1992). Movants should not use a motion for reconsideration to rehash arguments previously rejected by the court. *Sikora v. AFD Indus., Inc.*, 18 F. Supp. 841, 844 (N.D. Ill. 1998).

## ANALYSIS

Oblix requests that this Court reconsider its decision of April 23, 2003. In a Memorandum Opinion and Order, this Court denied Oblix's Motion for Summary Judgment and to Dismiss, holding that there was a genuine issue of material fact as to (1) whether the arbitration agreement was adhesive and (2) whether the arbitration agreement was substantively unconscionable under California law. Oblix argues that the Court should reconsider its April 23, 2003 decision because that decision did not consider *PacifiCare Health Systems, Inc. v. Book*, 123 S. Ct. 1531 (2003), decided after the closing of briefing on Oblix's Motion for Summary Judgment and to Dismiss, which, Oblix argues, held that an arbitrator and not the court should resolve questions concerning the enforceability of an arbitration agreement.

In *PacifiCare*, a group of physicians filed suit against managed-health-care organizations, alleging that the managed-health-care organizations unlawfully failed to reimburse them for health-

care services they had provided to patients covered by the managed-health-care organizations' plans in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.*, and the Employee Retirement Security Act of 1974 ("ERISA"), as well as other state and federal claims. 123 S. Ct. at 1533. The defendants moved to compel arbitration; and the physicians opposed the motion, arguing that "because the arbitration provisions prohibit an award of punitive damages . . . [the physicians] could not obtain 'meaningful relief' in arbitration for their claims under the RICO statute, which authorizes treble damages . . . ." *PacifiCare*, 123 S. Ct. at 1533. The district court denied the health-care organizations' motion to compel arbitration, holding that the arbitration agreements were unenforceable with respect to the physicians' RICO claims because the physicians "'may not be able to obtain meaningful relief for allegations of statutory violations in an arbitration forum.'" *PacifiCare*, 123 S. Ct. at 1534 (quoting *In re Managed Care Litig.*, 132 F. Supp. 2d 989, 992 (S.D. Fla. 2000)). The Court of Appeals for the Eleventh Circuit affirmed.

The Supreme Court granted *certiorari*. The Supreme Court noted that:

> Petitioners argue that whether the remedial limitations render their arbitration agreements unenforceable is not a question of "arbitrability," and hence should have been decided by an arbitrator, rather than a court, in the first instance. They also claim that even if this question is one of arbitrability, and is therefore properly within the purview of the courts at this time, the remedial limitations at issue do not require invalidation of their arbitration agreements. Either way, petitioners contend, the lower courts should have compelled arbitration. We conclude that it would be premature for us to address these questions at this time.

*PacifiCare*, 123 S. Ct. at 1534. The Supreme Court reversed the judgment of the Eleventh Circuit, noting that the terms in the arbitration agreements prohibiting the award of punitive damages were ambiguous, and held that "since we do not know how the arbitrator will construe the remedial

limitations, the questions whether they render the parties' agreements unenforceable and whether it is for courts or arbitrators to decide enforceability in the first instance are unusually abstract ... [and] the proper course [was] to compel arbitration". *PacifiCare*, 123 S. Ct. at 1536.

In its April 23, 2003 decision, the Court denied Oblix's Motion for Summary Judgment and to Dismiss, holding that there were genuine issues of material fact as to whether the agreement was substantively unconscionable under California law. This holding did not involve an issue regarding ambiguity. Thus, there is no requirement to compel arbitration under *PacifiCare*.

The other arguments raised in Oblix's Motion for Reconsideration were raised in Oblix's Motion for Summary Judgment and to Dismiss. The Court considered all of the issues raised by Plaintiff at that time.

> To prevail on a motion for reconsideration under Rule 59, the movant must present either newly discovered evidence or establish a manifest error of law or fact. . . . A "manifest error" is not demonstrated by the disappointment of the losing party. It is the "wholesale disregard, misapplication, or failure to recognize controlling precedent." . . . Contrary to this standard, [Plaintiff's] motion[] merely t[akes] umbrage with the [C]ourt's ruling and rehash[es] old arguments."

*Oto v. Metro. Life. Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). Oblix's Motion for Reconsideration does not demonstrate that this Court disregarded, misapplied, or failed to recognize controlling precedent and, therefore, is denied.

## CONCLUSION

For the reasons stated herein, Oblix, Inc.'s Motion for Reconsideration is denied.

**IT IS SO ORDERED.**

Date: July 1, 2003

John W. Darrah, Judge
United States District Court